Noel F. CLARK, Incompetent, by Noel T. Clark, Guardian, Appellant,

v.

Genevieve CLARK, Respondent.

No. 43564.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 13, 1981.

482

James M. Martin, Martin, Bahn & Cervantes, St. Louis, for appellant.

Daniel V. Boeckman, O'Fallon, for respondent.

CRIST, Presiding Judge.

Respondent Genevieve Clark (wife) petitioned for support from the estate of her mentally incompetent husband under § 475.125 RSMo. 1978 (Section 475.125):

> The court may make orders for the management of the estate of the ward, * * * and for the maintenance of his family and education of his children, if an incompetent, according to his means and obligation, if any, out of the proceeds of his estate * * * *

The trial court sustained the petition, and ordered the husband's guardian to pay out of his ward's estate the sum of $100.00 per month for the wife's support. The guardian appeals. We affirm.

The wife is seventy-two years old. She lives frugally and alone in the retirement home apartment she and her husband shared before he was institutionalized in the Spring of 1980. Her monthly expenses average $438.00, and her entire monthly income is $339.60. She has a small savings

account and some personal property, but even the husband's guardian concedes that her need for additional support is genuine.

The husband's estate had assets valued at about $8,000.00, and an income of $1,015.00 per month from Social Security and a private retirement pension. However, the estate's monthly expenses, which include the cost of the husband's care, total $1,265.00. The resulting monthly "shortfall" of about $250.00 would eventually deplete the estate's assets if no other financial assistance is obtained, and the rate of depletion would accelerate under the order appealed from.

The guardian contends that a support order under Section 475.125 should distribute only the surplus remaining in the husband's estate after his own needs are met, and implies that no support order is proper unless the estate is sufficient to meet those needs indefinitely. But what the guardian overlooks is that it remains among the prime and paramount duties of the husband to support and maintain his wife. See: *Tryon v. Casey*, 416 S.W.2d 252, 260 (Mo.App.1967). That duty—and the attendant liability of his estate to fulfill it—was not changed by either the husband's incompetency or the enactment of Section 475.125, as we intimated in our interpretation of an earlier version of the statute in *State ex rel. Kemp v. Arnold*, 234 Mo.App. 154, 113 S.W.2d 143, 146 (1938):

> * * * the statute was designed by the Legislature to confer upon the probate court a power and authority over and above that of merely enforcing bare legal obligations of an incompetent for which, as a matter of fact, his estate would be liable without the enactment of any such statute.

And see: Annot., 24 A.L.R.3d 863, 870, 877 (1969).

Given the husband's liability for support, it was within the trial court's discretion to fix the extent of the husband's liability therefor " * * * according to his means * * * * " Under the poignant circumstances here, we find no abuse of discretion in ordering the husband's estate de-

pleted by making $100.00 per month support payments to the wife. The trial court's order is in harmony with the evidence and the law, see: *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976), and is affirmed.

Order affirmed.

REINHARD and SNYDER, JJ., concur.